IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SARA ESTHER WHITE　　　　　　　　　*
　　　　　　　　　　　　　　　　　　*
　　　v.　　　　　　　　　　　　　　*　　Civil Case No. WDQ-13-1432
　　　　　　　　　　　　　　　　　　*
COMMISSIONER, SOCIAL SECURITY　　*
　　　　　　　　　　　　　　　　　　*
*************

REPORT AND RECOMMENDATIONS

Pursuant to Standing Order 2013-06, the above-referenced case was referred to me to review the parties' cross-motions for summary judgment and to make recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix). I have considered the parties' motions. ECF Nos. 12, 18. This Court must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). I find that no hearing is necessary. Local R. 105.6 (D. Md. 2011). For the reasons set forth below, I recommend that both motions be denied, and that the case be remanded to the Commissioner for further proceedings in accordance with this Report and Recommendations.

Ms. White applied for Disability Insurance Benefits and Supplemental Security Income in 2009 and 2010, alleging a disability onset date of September 9, 2009. (Tr. 16, 130-35). Her claims were denied initially on August 30, 2010, and on reconsideration on March 18, 2011. (Tr. 65-69, 71-74). An Administrative Law Judge ("ALJ") held a hearing on May 7, 2012, (Tr. 23-57), and subsequently denied benefits to Ms. White in a written opinion dated May 23, 2012. (Tr. 16-22). The Appeals Council declined review, (Tr. 1-5), making the ALJ's decision the final, reviewable decision of the agency.

The ALJ found that Ms. White suffered from the severe impairments of history of systemic lupus erythematosus, osteoarthritis, and fibromyalgia. (Tr. 18). Despite these

impairments, the ALJ determined that Ms. White retained the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except she can do all postural activities no more than occasionally; she can do no more than occasional overhead reaching; and she must avoid concentrated exposure to extreme heat and cold, respiratory irritants, and hazards including unprotected heights and moving machinery.

(Tr. 20). After considering testimony from a vocational expert ("VE"), the ALJ determined that Ms. White could perform her past relevant work as a payroll clerk as it was actually performed. (Tr. 22). Accordingly, the ALJ determined that Ms. White was not disabled. *Id.*

Ms. White disagrees. She raises two primary arguments in support of her appeal: (1) that the ALJ failed to assign appropriate weight to the opinion of her treating physician; and (2) that the ALJ erroneously assessed her credibility. I agree generally that the ALJ did not provide sufficient analysis to permit me to evaluate whether his RFC assessment is premised on substantial evidence. As a result, I recommend that the case be remanded for the ALJ to fulfill his duty of explanation. In so recommending, I express no opinion as to whether the ALJ's ultimate conclusion that Ms. White is not entitled to benefits is correct or incorrect.

Specifically, the ALJ's relatively brief opinion is deficient in its analysis regarding Ms. White's ability to reach and manipulate. Her treating physician, Dr. Boateng, opined that she has "poor range of movement limbs, wrists, shoulder" and checked off that she had marked limitations in grasping, turning, and twisting objects, and moderate limitations in her ability to reach."[1] (Tr. 205-12). The ALJ submitted that "Dr. Boateng's own treatment notes reflect some concern with her shoulders, but do not mention issues with her hands." (Tr. 21). However, the Commissioner concedes that Dr. Boateng's handwritten treatment notes are illegible in many places. *See* Def. Mot. 2 at n.2, 10 ("Indeed, from what the Commissioner has been able to

---
[1] Dr. Boateng reaffirmed his opinion on Ms. White's upper extremity limitations in a letter dated August 31, 2011. (Tr. 374).

discern from Dr. Boateng's hand-written treatment notes, Dr. Boateng did not specifically note any problems with Plaintiff's hands during the relevant time period."). It would be unfair to allow the Commissioner to rely on the absence of relevant information within treatment notes that cannot be deciphered. The ALJ further stated that, "Dr. Meyerhoff's function statements on December 9, 2009 and July 6, 2010 indicate no problems with the use of her hands." (Tr. 21). The "function statements" cited were not prepared by Dr. Meyerhoff, but by Ms. White at her appointments with Dr. Meyerhoff. (Tr. 237-38, 316). Moreover, those statements did not pose a general question about ability to work with hands, but asked specific questions about specific isolated tasks. *Id.* Notably, at appointments with Dr. Meyerhoff, Ms. White reported paresthesias in her hands, and Dr. Meyerhoff found hand abnormalities. (Tr. 269, 317). The ALJ did not acknowledge or discuss that evidence, instead leaving the impression that the "function statements" reflected Dr. Meyerhoff's conclusions.

The ALJ's brief RFC discussion also failed to provide sufficient factual support for an adverse credibility finding. The ALJ simply asserted that "claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment." (Tr. 21). Although that type of boilerplate language is not inherently problematic where the ensuing analysis provides substantial evidence to support the determination, the ALJ's analysis in this case does not. Specifically, there is no discussion relating to the credibility of Ms. White's assertion that she has difficulties with reaching and manipulation caused by problems with her shoulders and hands. Remand is therefore appropriate to permit the ALJ to provide factual justification supporting the adverse credibility finding.

Finally, in finding that Ms. White was capable of her past relevant work as a payroll clerk, the ALJ attempted to evade the VE's testimony that the job typically requires frequent

reaching. (Tr. 55-56). The ALJ asserted that "the claimant stated that her position did not require reaching," and therefore concluded that Ms. White was able to perform her work as payroll clerk as she had performed it in the past. (Tr. 22). The hearing transcript does not reflect that anyone inquired of Ms. White whether she had any reaching or manipulative requirements in her job as payroll clerk. In asserting that Ms. White had taken the position that she had done no reaching, it appears that the ALJ was relying on an unsigned and undated "Disability Report," which listed the "payroll clerk" job under the title, "Typist III." (Tr. 151-52). In that "Disability Report," it stated that in the "Typist III" job, Ms. White spent 0 hours per day handling, grabbing or grasping big objects, 0 hours per day reaching, and 0 hours per day writing, typing, or handling small objects. (Tr. 152). It is dubious that a person performing payroll tasks under the title "Typist III" would not have done any reaching, writing, or typing whatsoever. On remand, I recommend that the ALJ further evaluate Ms. White's ability to reach and manipulate, and clarify the precise requirements of her past relevant work.

CONCLUSION

For the reasons set forth above, I respectfully recommend that:

1. the Court DENY Defendant's Motion for Summary Judgment (ECF No. 18);

2. the Court DENY Plaintiff's Motion for Summary Judgment (ECF No. 12); and

3. the Court order the Clerk to REMAND the case to the Commissioner for further proceedings and to CLOSE this case.

Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Fed. R. Civ. P. 72(b)(2) and Local Rule 301.5.b.

Dated: March 13, 2014                    /s/
                                         Stephanie A. Gallagher
                                         United States Magistrate Judge